IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL SEXTON, et al.,<br><br>Defendants. | Case No. 17-cv-00338-CRB<br><br>**ORDER ADDRESSING REQUEST FOR EXTENSION OF TIME TO FILE REPLY TO OPPOSITION TOMOTION TO DISMISS AND REQUEST FOR PETITIONER TO FILE CDCR FILE** |

Respondent has filed a request for an extension of time to and including November 22, 2018. Dkt. 28. This request is unopposed. Dkt. 29. The Court hereby grants Respondent's request for an enlargement of time to and including November 22, 2018, in which to file and serve a reply to petitioner's opposition to the motion to dismiss the habeas petition.

Respondent also requests that the Petitioner serve on Respondent the 3500 pages of the CDCR file. Dkt. 28. In counsel's declaration in support of this request, counsel states that she "cannot accurately respond to the numerous assertions petitioner makes in his declaration, and which counsel argues in his brief, without access to the CDCR records," and "therefore request[s] that this Court order petitioner to file the CDCR records with the Court and serve them on respondent, and direct counsel to provide citations to the CDCR records for each of the assertions petitioner makes in his declaration." Dkt. 28-1. Respondent relies on Orthel v. Yates, 2011 WL 4026808 (N.D. Cal. Sept. 12, 2011), in which the "parties agreed to make a copy of the[CDCR] records for respondent." Id. at *3. The Court also observed that "[a]t the hearing, petitioner's counsel pointed out that it is respondent's client who has the original records in the first place." Id. at *3 n.1.

In his response to the Respondent's request for an extension of time, Petitioner provides, as Respondent requests, the "citations to the CDCR records for each of the assertions petitioner makes in his declaration." Dkt. 29-1 Exh. 2. Petitioner has also provided a "disk containing the documents undersigned counsel relied upon in refreshing Mr. Ruiz's recollection about certain events listed in Mr. Ruiz's declaration." Dkt. 29; Dkt. 29-1 Exh. 1. Petitioner thus urges that Respondent's request that Petitioner produce the remaining documents in the CDCR should be denied as moot.

Respondent's concern that it "cannot accurately respond to the numerous assertions petitioner makes in his declaration" without access to the materials Petitioner cites in his declaration appears entirely resolved by Petitioner's provision of the documents he relied on in his declaration, Dkt. 29-1 Exh. 1, and an index of documents, Dkt. 29-1 Exh. 2. Respondent does not contend that any documents in the CDCR other than those Petitioner relied upon in his previous filings are relevant. See Dkt. 28-1. Nor does Respondent address Orthel's observation that the Respondent "has the original records in the first place." Orthel, 2011 WL 4026808 at *3 n.1. The Court thus concludes that Petitioner need not produce the remainder of the CDCR file.

For the foregoing reasons, the Court GRANTS Respondent's request for an enlargement of time to and including November 22, 2018, and DENYS Respondent's request that Petitioner be ordered to produce the entire 3500-page CDCR file.

**IT IS SO ORDERED.**

Dated: October 9, 2018

_____
CHARLES R. BREYER
United States District Judge